UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY FIELDS,

        Petitioner,

vs.                                                           CASE NO. 8:10-cv-1614-T-27MAP
                                                               CRIM. CASE NO. 8:08-cr-275-T-27MAP

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Motion to Dismiss Grounds One and Three of the Section 2255 motion (CV Dkt. 5), Petitioner's Reply (CV Dkt. 7), and Petitioner's Motion to Expedite (CV Dkt. 10). Upon consideration, the court determines that an evidentiary hearing is necessary to establish the timeliness of Petitioner's motion.

### Procedural Background

Petitioner was charged by an indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (CR Dkt. 1). On January 9, 2009, Petitioner pleaded guilty pursuant to a written plea agreement. (CR Dkts. 15, 30). On April 6, 2009, Petitioner was sentenced as an armed career criminal to one hundred eighty-eight (188) months imprisonment to be followed by three years of supervised release. (CR Dkt. 26). Petitioner did not appeal.

Petitioner signed his Section 2255 motion on August 9, 2009. (CR Dkt. 28; CV Dkt. 1). The Respondent challenges the timeliness of Grounds one and Three.[1] (CV Dkt. 5).

Petitioner presents three grounds for relief:

**Ground One:** Counsel rendered ineffective assistance by not filing a notice of appeal despite Petitioner's request that counsel do so;

**Ground Two:** Counsel rendered ineffective assistance by not challenging on appeal Petitioner's sentence in light of *Begay v. United States*, 553 U.S. 137 (2008);

**Ground Three:** Counsel rendered ineffective assistance by not having Petitioner undergo a mental health evaluation[2]

## Discussion

### I. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The Government does not assert untimeliness as a procedural bar to Ground Two. (CV Dkt. 5, pp. 5-6).

[2] Petitioner in his reply states that he "wishes to withdraw this claim [of] ineffective assistance [of counsel for] not requesting a mental [health] evaluation." (CV Dkt. 7, p. 4). Accordingly, Ground Three is dismissed in the conclusion of this order, *infra*, p. 7.

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Petitioner pleaded guilty and judgment was entered on April 7, 2009. (CR Dkt. 26). Petitioner filed no direct appeal. Consequently, under the appellate rules in effect when the judgment was entered, Petitioner's conviction became final on April 21, 2009, when the ten-day period for filing a notice of appeal expired. Fed. R. Crim. P. 45(a)(1), (2); Fed. R. App. P. 4(b)(1)(A)(i) (West 2009). Petitioner had until April 21, 2010, to timely file a Section 2255 motion.

Petitioner signed his Section 2255 motion on August 9, 2009. (CV Dkt. 1, p. 13). However, the motion was not received and docketed in this court until July 21, 2010. Apparently recognizing the potential untimeliness of his motion, Petitioner attached to the motion a cover letter dated July 12, 2010, in which he claims to have placed his motion in the prison legal mailbox nearly one year earlier on August 12, 2009. (CV Dkt. 1, Attach. 1). In response the Government argues that the motion is untimely and asserts that Petitioner cannot avail himself of the prison mailbox rule to establish the timeliness of his motion.

"[A] *pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing." *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Absent contrary evidence, that date is presumed to be the date that the prisoner signed the motion. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). "Under the mailbox rule, the burden is on prison officials to prove the date a prisoner delivered his documents to be mailed." *Washington*, 243 F.3d at 1301.

3

In its response the Government states that it contacted the mailroom at Petitioner's place of confinement (FCI Coleman - Medium) and, upon the Government's request, Michael A. Piniero (Supervisory Correctional Systems Specialist) personally conducted a review of the mailroom log books for the period of August 1, 2009, to August 31, 2009. (CV Dkt. 5, p. 5). Piniero states in his declaration (signed under penalties of perjury):

3. I serve as the Supervisory Correctional Systems Specialist and my duties include oversight of mailroom operations for the Federal Correctional Institution Coleman Medium ("FCI Coleman-Medium located in Coleman, Florida). In my capacity as the mailroom supervisor, I am familiar with the Bureau of Prisons' policies and regulations with respect to the processing and handling of outgoing mail provided by federal inmates with respect to each item identified as legal mail, whether in an envelope or package, the procedures of FCI Coleman-Medium are to maintain a contemporaneous record of each item provided by an inmate to be sent by United States Postal Service facilities. With respect to these policies and procedures, we maintain two separate logs, namely a log for outgoing mail in envelopes and a second, separate log for outgoing packages marked "Legal Mail." These logs are maintained as part of the regular course and scope and work of FCI Coleman-Medium pursuant to our policies and procedures.

4. Entries in the above-described log books reflect the date legal mail provided by any inmate at FCI Coleman-Medium is processed by our facility and provided to the United States Postal Service. I am qualified to identify and examine each log book and to determine whether an item of legal mail allegedly provided by any inmate at FCI Coleman-Medium has ben processed in our mailroom, as required.

5. From information provided to me by the Office of the United States Attorney for the Middle District of Florida, it is my understanding that inmate Harry Fields has alleged that on Wednesday, August 12, 2009, he "placed in the prison legal mailbox" at FCI Coleman-Medium legal mail addressed to the United States District Court in Tampa, Florida.

6. I personally conducted a review of the relevant log books from the time period of August 1, 2009, through August 31, 2009, at the request of the Office of the United States Attorney for the Middle District of Florida and have determined that FCI Coleman-Medium has no record of processing any legal mail from inmate Fields during the period August 1, 2009, through August 31, 2009.

    7.    Based on the foregoing and the accuracy in which our log books are maintained, I therefore conclude that Harry Fields did not provide any outgoing legal mail to be forwarded by the mailroom facility at FCI Coleman-Medium, as required by applicable BOP regulations, at any time in August 2009.

(CV Dkt. 5, Attach. 1, pp. 1-2).

Petitioner submits with his reply his own declaration in which he states:

    2)    On August 12, 2009, I went to the Receiving & Discharge ("R&D") Department at approximately 11:45 a.m., to place in the prison legal mailbox (2) pieces of "legal mail."

    3)    I asked the R&D Staff Member ("Official") (name unknown) for his assistance in weighing my parcels. However, the Official informed me that the scale was "broke."

    4)    Therefore, I proceeded to estimate the postal fee and placed (5) U.S. "Forever" postage stamps on each parcel for deposit in _regular_ "legal mail" and _not_ "certified mail." Record logs are kept for _only_ "certified mail" and _not_ for _regular_ "legal mail."[3]

    5)    One parcel contained my original Motion to Vacate and the accompanying Memorandum of Law and Brief and addressed to: Clerk of Court, U.S. District Court, Tampa, Florida. The second parcel containing a true and correct copy of my Motion to Vacate and Memorandum of Law and addressed to: Office of the U.S. Attorney, 400 Tampa Street, Suite 3200, Tampa, Florida.

    6)    After affixing the postage thereto, I identified myself by presenting my inmate identification and was then instructed to seal the parcels, which I did and handed them over to the Official for proper handling and mailing. Note: No legal mail was ever returned to me for "insufficient postage."

    7)    My (2) pieces of legal mail were not mailed under "certified" cover and therefore, contrary to Michael A. Piniero's declaration, was never logged into any record, as that is the normal procedure.

(CV Dkt. 7, p. 16) (emphasis in original).[4]

---

[3] Petitioner offers no evidence to support this statement.

[4] Petitioner also includes with his reply a declaration from a fellow inmate which states that the inmate accompanied Petitioner to the mailroom where he observed Petitioner hand over his Section 2255 motion for mailing on August 12, 2009. (CV Dkt. 7, p. 18).

5

From the record before it, the court cannot determine the timeliness of Petitioner's motion to vacate. If the court applies the mailbox rule and considers Petitioner's motion filed on August 9, 2009, his motion is timely. Alternatively, if the court relies upon the Government's response and Piniero's declaration, the motion appears untimely. While Piniero's declaration supports a finding the Petitioner did not file his motion in August 2009, the Government presents no other evidence establishing a date upon which Petitioner presented the motion to prison authorities for mailing. Consequently, an evidentiary hearing is required to determine the petition's timeliness. To determine timeliness, a custodian of records from the prison as well as the mail logs from the prison mailroom from August 2009 (when Petitioner allegedly presented the motion to prison authorities for mailing) through July 2010 (when Petitioner apparently mailed the instant motion)[5] will be necessary to demonstrate the date that Petitioner presented his Section 2255 motion for mailing.

Further, if the motion is timely, Petitioner's claim that his counsel failed to file a notice of appeal on Petitioner's behalf despite Petitioner's request that counsel do so will also require an evidentiary hearing. The appeal waiver in Petitioner's plea agreement does not preclude him from filing a Section 2255 motion to challenge counsel's failure to file a notice of appeal. *Gomez-Diaz v. United States*, 433 F.3d 788, 793-95 (11th Cir. 2005). The record currently before the court neither confirms nor refutes Petitioner's claim that he instructed counsel to file an appeal. Section 2255 requires a district court to grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Where, as here, a decision on counsel's ineffectiveness for failure to file a notice of appeal requires

---

[5] The cover letter (dated July 12, 2010) attached to Petitioner's motion states that "[s]hould there be no record of this motion ever being filed with your office, please file the enclosed § 2255 motion forthwith and provide me with any additional information or instruction." (CV Dkt. 1, Attach. 1).

a credibility determination and the pleadings are insufficient to establish the content of the communications between a defendant and his counsel, an evidentiary hearing is necessary. *Gomez-Diaz v. United States*, 433 F.3d at 792. *See also* Rule 8, Rules Governing Section 2255 Proceedings. Consequently, both Petitioner and the Government should be prepared to argue this claim at the evidentiary hearing if the court determines that Petitioner's motion is timely.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Ground Three of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED**;

2) This case is scheduled for an evidentiary hearing on **September 14, 2011, at 3:00 p.m.** on **only**: 1) the timeliness of Petitioner's Section 2255 motion, and 2) in the event that the Section 2255 motion is timely, the court will hear argument on Petitioner's Ground One of ineffective assistance of trial counsel for failure to file a notice of appeal.[6]

3) The Government is directed to immediately issue a writ to secure Petitioner's presence at said hearing. The writ shall be provided to the U.S. Marshal's Office with a copy to chambers.

4) The Government is directed to subpoena Petitioner's defense counsel in the underlying criminal action, Mary A. Mills, Esq., to appear at said hearing.

5) This matter is referred to Magistrate Judge Mark A. Pizzo for immediate appointment of counsel for Petitioner.

**DONE AND ORDERED** in chambers this 17th day of August, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record

---

[6] Ground Two is NOT a subject of the evidentiary hearing and will be addressed in a separate order.